UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORILLARD TOBACCO COMPANY and FACTORY MUTUAL INSURANCE COMPANY, as subrogee,<br><br>Plaintiffs,<br><br>v.<br><br>TYCO INTEGRATED SECURITY, LLC, f/k/a ADT SECURITY SERVICES, INC., a subsidiary of TYCO INTERNATIONAL, LTD, and AMED VILLA,<br><br>Defendants. | No. 15 CV 1684<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Lorillard Tobacco Company stored cigarettes in a warehouse. Tyco Integrated Security, LLC, provided and monitored the warehouse's security system. Tyco was given access to the warehouse to assess and document security vulnerabilities, with the understanding that the resulting information was confidential and was to be securely maintained. In this suit, Lorillard alleges that Tyco negligently maintained that information, allowing it to fall into the hands of burglars. Lorillard further alleges that Tyco should have known that its information had been compromised, yet failed to warn the warehouse company or its tenants, and failed to increase security. As a result, the burglars exploited the documented vulnerabilities and stole millions of dollars' worth of Lorillard's cigarettes.

Lorillard sued Tyco for negligence.[1] Tyco moves to dismiss, arguing that it owed Lorillard no tort-law duty. For the reasons below, Tyco's motion is denied.

## I. Legal Standards

In deciding whether to dismiss Lorillard's claim under Federal Rule of Civil Procedure 12(b)(6), I construe the complaint in the light most favorable to Lorillard, accept as true all well-pleaded facts, and draw reasonable inferences in its favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal marks omitted). To avoid dismissal, the complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich*, 722 F.3d at 915 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II. Facts

The warehouse was owned, at relevant times, by Federal Warehouse Company. Complaint ¶ 10.[2] Lorillard stored cigarettes there. *Id.* ¶ 11. Tyco (or its

---

[1] Lorillard's insurer, Factory Mutual Insurance Company, paid a portion of Lorillard's losses and is also a plaintiff, as Lorillard's subrogee. For simplicity, this opinion treats Lorillard as the sole plaintiff.

[2] The facts are taken from the complaint, which is docket entry [1-1] at 7–25.

2

corporate predecessors) provided and monitored the security system, which was intended to protect the warehouse, and the products stored in it, against theft. *Id.* ¶ 12. Tyco knew that the warehouse served as a storage and distribution center for consumer products. *Id.* ¶ 15.

Tyco performed risk assessments to identify the warehouse's security vulnerabilities. *Id.* ¶¶ 16, 18. To perform those assessments, Tyco was given access to the warehouse, with the understanding that the resulting information "would be closely protected, would be kept in strict confidence, and would be used solely to prepare a bid or proposal for the sale of additional security equipment and the provision of additional security services." *Id.* ¶ 16. For its bids, Tyco prepared diagrams and descriptions of the warehouse that revealed security vulnerabilities. *Id.* ¶¶ 17–18.

On January 24, 2010, burglars broke into the warehouse and stole Lorillard's cigarettes. *Id.* ¶ 20. They did so by cutting through the roof at a location that was not monitored, lowering themselves into the warehouse at a location that was not monitored, and bypassing the security system. *Id.* The same burglars broke into other warehouses monitored by Tyco—both before and after the burglary in this case—in each case avoiding or disabling Tyco's security system. *Id.* ¶¶ 22–23. Lorillard alleges that Tyco negligently maintained the information identifying security vulnerabilities and that the burglars received and exploited that information to commit their crimes. *Id.* ¶¶ 21–23, 26.

### III. Analysis

Tyco argues that it owed no tort-law duty to Lorillard. "It is fundamental that there can be no recovery in tort for negligence unless the defendant has breached a duty owed to the plaintiff." *Pippin v. Chicago Hous. Auth.*, 78 Ill.2d 204, 208 (1979). "Whether a duty exists in a particular case is a question of law for the court to decide." *Simpkins v. CSX Transp.*, 358 Ill.Dec. 613, 617 (Ill. 2012). The decisions of the Illinois Supreme Court are controlling on this question of Illinois state law. *ADT Sec. Servs. v. Lisle-Woodridge Fire Prot. Dist.*, 672 F.3d 492, 498 (7th Cir. 2012).

Tyco argues that it cannot be sued in negligence because it acted pursuant to a contract. [12] at 6–7. That argument is foreclosed by Illinois Supreme Court precedent. For example, in *Pippin*, a company contracted with the Chicago Housing Authority to provide security services at a residential building owned by the Authority. The plaintiff was stabbed in the building and sued the company for negligently performing its security services. The Illinois Supreme Court wrote that "plaintiff's action is better characterized as a tort action than as a contract action, and, as such, no privity is required." 78 Ill.2d at 210. The court held that the company owed a duty, to people lawfully on the property, to exercise reasonable care in the performance of its contractual obligations. *Id*. at 212.

*Pippin*'s holding was based on the adoption of Section 324A of the Restatement (Second) of Torts. *Id*. at 210. Under the Restatement, under certain circumstances, a duty is owed by "one who undertakes . . . to render services to another which he should recognize as necessary for the protection of a third person or his things." Restatement (Second) of Torts § 324A. In particular, a duty is owed if

4

the actor's failure to use reasonable care increases the risk of harm or if the harm is suffered because the "other" or the "third person" relied on the actor's undertaking. *Id*. Furthermore, "[i]f the actor's negligent performance of his undertaking results in increasing the risk of harm to a third person, the fact that he is acting under a contract or a gratuitous agreement with another will not prevent his liability to the third person." Restatement § 324A cmt. c.

In *Scott & Fetzer Company v. Montgomery Ward & Company*, 112 Ill.2d 378 (1986), certain warehouse tenants sued the company that had contracted to provide fire-alarm services for the portion of the warehouse in which the fire originated. *Id*. at 382–83. Following *Pippin* (and the Restatement), the court held that the defendant owed the plaintiffs a tort duty. *Id*. at 388–91. Then, in *American Centennial Insurance Company v. Wells Fargo Alarm Services*, 152 Ill.App.3d 503 (1st Dist. 1986), the Appellate Court of Illinois held that a company that provided burglar-alarm services to a jewelry store owed a tort duty to the store's customers who left property there to be cleaned. *Id*. at 506–07.

Given the Illinois courts' holdings in *Pippin*, *Scott & Fetzer*, and *American Centennial*, Tyco's main argument—that it owed no duty in tort because it acted pursuant to a contract—must be rejected.[3] And Tyco's alternative argument—that

---

[3] In its reply brief, Tyco cited *Allendale Mutual Insurance Company v. Leaseway Warehouse, Inc.*, 624 F.Supp. 637 (N.D. Ill. 1985). In *Allendale*, based on the exculpatory clause in the alarm company's contract with the warehouse company, the court found that the alarm company did not assume a tort duty to the warehouse's tenants. *Id*. at 641. *Allendale* predated *Scott & Fetzer* and *American Centennial*. After those decisions, the judge who decided *Allendale* came to the opposite conclusion concerning the effect of exculpatory clauses. *Dowling v. Am. Dist. Tel. Co.*, 1988 U.S. Dist. LEXIS 10137, *13 (N.D. Ill. Sept. 2, 1988) (stating that *Allendale* should not be read to hold that "under Illinois law,

5

Lorillard should be bound by the exculpatory and damages-limiting provisions in Tyco's contract with Federal Warehouse, *see* [12] at 11–14; [22] at 8–10—is foreclosed by the same cases, which held that the plaintiffs were not bound by contracts to which they were not a party. *Scott & Fetzer*, 112 Ill.2d at 391; *American Centennial*, 152 Ill.App.3d at 507–08; *see also Chi. Steel Rule & Die Fabricators Co. v. ADT Sec. Sys.*, 327 Ill.App.3d 642, 653 (1st Dist. 2002) (discussing *Scott & Fetzer* and finding that "[e]nforcement of negligence and breach of contract disclaimers will not give fire alarm installation and monitoring companies such as ADT a diminished incentive to perform their obligations under the contract in a nonnegligent fashion. *Such companies could still be exposed to negligence claims by third parties who sustain personal injuries or damage to property*.") (emphasis added).

The parties argued as though "failure to safeguard confidential information," "failure to warn," and "failure to otherwise protect and monitor" were separate legal claims. More accurately, they are variations on a general negligence claim, all of which survive the motion to dismiss. *See Rowe v. State Bank of Lombard*, 125 Ill.2d 203, 221–23 (1988). In *Rowe*, the plaintiffs were attacked by someone who gained access to the office building in which they worked. Because the building's management company had manufactured and controlled the distribution of master

---

one party to a contract can negate a duty to another not a party to the contract merely by including exculpatory and indemnification language in that contract"). *Dowling* held that no duty existed, but did so at the summary judgment stage using the contract merely as evidence of the scope of the alarm company's undertaking. *Id*. In any event, *Allendale* is inconsistent with *Scott & Fetzer*—a controlling decision from the Illinois Supreme Court.

keys, it "assumed a duty to take reasonable precautions to prevent unauthorized entries by individuals possessing those keys." *Id*. at 221. Permissible theories of negligence included that the company: (1) did not maintain proper control over the master keys; (2) failed to warn plaintiffs of the danger; and (3) failed to take reasonable precautions to prevent entry by those with a master key. *Id*. at 223.[4] The theories advanced here are analogous. The scope of defendant's duty to warehouse customers will likely have to be defined with more precision at a later stage in the case, but for now, the complaint states a claim.

IV. **Conclusion**

For the foregoing reasons, Tyco's motion to dismiss [12] is denied.

ENTER:

Manish S. Shah
United States District Judge

Date: 6/2/15

---

[4] The first theory was dismissed because insufficient evidence supported it at the summary-judgment stage. *Id*.

7